**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**VERNON GOODLOW (#93838)** **CIVIL ACTION NO.**

**VERSUS** **22-559-SDD-SDJ**

**CHAD HARDY, ET AL.**

**NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on September 30, 2024.

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**VERNON GOODLOW (#93838)** **CIVIL ACTION NO.**

**VERSUS** **22-559-SDD-SDJ**

**CHAD HARDY, ET AL.**

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is the complaint of Vernon Goodlow, an inmate previously confined at the Louisiana State Penitentiary in Angola, Louisiana, who is representing himself.[1] Based on the screening process for such complaints, it is recommended that Goodlow's claims arising from the events occurring in 2021 be dismissed pursuant to 28 U.S.C. § 1915(e)(2) and 1915A as prescribed, that the claims arising from events occurring between 2022 and 2024 be dismissed without prejudice pursuant to 42 U.S.C. § 1997e as unexhausted, and that this case be closed.

## I. Background

Goodlow filed suit under 42 U.S.C. § 1983 against Chad Hardy, Tim Hooper, and James LeBlanc.[2] Goodlow's original complaint was devoid of all facts; Goodlow only listed a case caption, checked the box indicating he filed a grievance, and signed and dated the complaint.[3] In the amended complaint filed on April 15, 2024, Goodlow named additional Defendants and indicated that the complaint arises from an incident of alleged excessive force, medical care related thereto, and issues with the legal programs department in lodging complaints regarding the incident and related claims.[4] Goodlow requests monetary and injunctive relief.[5]

---

[1] R. Doc. 1. Since filing this suit Goodlow was transferred to the David Wade Correctional Center. R. Doc. 8.
[2] R. Doc. 1.
[3] R. Doc. 1.
[4] R. Doc. 10.
[5] R. Doc. 10, p. 18.

## II. Law & Analysis

### A. Standard of Review

Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, this Court is authorized to dismiss an action by a prisoner against a governmental entity or an officer or employee of a governmental entity, or by any other plaintiff who has been granted IFP status, if the Court is satisfied that the action or claim is frivolous, malicious, or fails to state a claim upon which relief may be granted.[6] The statutes impose similar standards for dismissal and are intended to afford the court the ability to separate those claims that may have merit from those that lack a basis in law or in fact. Dismissal may be made before service of process or before any defendant has answered if the court determines that the claim or action does not pass the screening process.

To determine whether a complaint fails to state a claim under §§ 1915(e) and 1915A, courts apply the same standard used for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[7] Accordingly, the court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff.[8] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[9] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[10] While the

---

[6] §1915(e) provides a procedural mechanism for dismissal of lawsuits that are frivolous, malicious, or fail to state a claim in proceedings where the plaintiff was granted leave to proceed *in forma pauperis* ("IFP"); §1915A provides a procedural mechanism for dismissal of lawsuits by prisoners against a governmental entity or employee of a governmental entity that are frivolous, malicious, or fail to state a claim upon which relief may be granted regardless of the pauper status of the plaintiff. Goodlow was granted permission to proceed *in forma pauperis* on August 8, 2024 (R. Doc. 12), so both statutes apply.

[7] *Bazrowx v. Scott,* 136 F.3d 1053, 1054 (5th Cir. 1998) (recognizing that the standards for determining whether a complaint fails to state a claim for relief are the same under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A and Fed. R. Civ. P. 12(b)(6).

[8] *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).

[9] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[10] *Id.*

screening process does give the court the rare power to 'pierce the veil' of the factual allegations,[11] pleaded facts that are merely improbable or strange are not frivolous for purposes of screening.[12] A claim is factually frivolous only if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'"[13] A claim is also subject to dismissal if it has no legal basis, "such as if the complaint alleges the violation of a legal interest which clearly does not exist."[14]

**B. Goodlow's Claims arising in 2021 are Subject to Dismissal as Prescribed**

"There is no federal statute of limitations for actions brought pursuant to 42 U.S.C. § 1983," so the federal courts borrow the limitations period of the forum state.[15] Civil rights suits brought under § 1983 are subject to the Louisiana limitations period of one year that applies to tort claims.[16] State law also controls whether events occur that toll (*i.e*., pause or delay) the limitations period unless the state provisions regarding tolling are inconsistent with federal law.[17] Though the Louisiana prescriptive period of one year applies to Goodlow's claims, federal law governs when his claims accrued, *i.e.*, when the limitations period starts.[18] Under federal law, a claim generally accrues "the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured" and that there is a connection between his injury

[11] *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).
[12] *Id.* at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992).
[13] *Denton*, 504 U.S. at 33, (citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)).
[14] *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998).
[15] *Jackson v. Johnson*, 950 F.2d 263, 265 (5th Cir. 1992). *See also, Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999) ("Federal courts borrow state statutes of limitations to govern claims brought under section 1983."); *White v. Gusman*, 347 Fed.Appx. 66, 67 (5th Cir. 2009) (unpublished) ("The prescriptive period for a claim brought under § 1983 is provided by the law of the state in which the claim arose.").
[16] La. C.C. art. 3492; *Clifford v. Gibbs*, 298F.3d 328, 332 (5th Cir. 2002); *Crane v. Childers*, 655 Fed.Appx. 203, 204 (5th Cir. 2016) (§ 1983 claims are subject to the one-year prescriptive period for tort claims).
[17] *Bd. of Regents v. Tomanio*, 446 U.S. 478, 484 (1980).
[18] *Harris*, 198 F.3d at 157.

and the defendant's actions.[19] "A plaintiff need not know that she has a legal cause of action; she need know only the facts that would ultimately support a claim."[20]

Goodlow complains that on August 17, 2021, he was involved in a confrontation with Sergeant Brittany Guidroz, which led to a confrontation with Chad Hardy, who allegedly used excessive force on Goodlow while restraining him.[21] It appears Goodlow is also making a claim of deliberate indifference to a serious medical need arising from the incident because he asked to make an emergency sick call request because he felt as though he was going to pass out, but officers ignored him.[22] The last sick call request that appears to be related to this incident occurred on October 25, 2021, when Goodlow had a CT scan.[23] Because the incidents giving rise to this action occurred between August 17 and October 25, 2021, and the amended complaint was not filed until April 10, 2024,[24] approximately two years and a half years later, the claims are prescribed, even considering the time that may have elapsed while Goodlow's grievances were pending.

Because Goodlow was required to exhaust administrative remedies by filing a grievance through the administrative remedy process (an "ARP") before filing suit, the Court must consider the time period Goodlow had an ARP properly pending. Goodlow states that an ARP regarding the incident was filed by someone other than himself, so he withdrew that ARP. Thereafter, he filed an ARP that was rejected for being too long.[25] At some point in 2022, he filed another ARP, which Goodlow states "was not addressed."[26] Goodlow states that the ARP was accepted but not

---

[19] *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001) (internal quotation marks and citations omitted).
[20] *Id.*, citing *Harrison v. United States*, 708 F.2d 1023, 1027 (5th Cir. 1983).
[21] R. Doc. 10, pp. 5-6.
[22] R. Doc. 10, p. 7.
[23] R. Doc. 10, p. 9.
[24] R. Doc. 10, p. 19.
[25] R. Doc. 10, p. 3.
[26] R. Doc. 10, p. 3.

answered, allegedly because he already filed an ARP on the incident. Goodlow appears to have proceeded to the second step, but the secretary appears to have declined to consider the ARP.[27] Even giving Goodlow the benefit of the doubt and tolling the limitations period for ninety days, after which time period an inmate is entitled to proceed unilaterally to the next step, the amended complaint was still filed after the expiration of the prescriptive period. The limitations period is suspended while an ARP is pending because the requirement that an inmate exhaust administrative remedies before filing creates a statutory impediment to filing suit.[28] The limitations period begins to run again when the final agency decision is delivered.[29] The time period that passes before an APR is properly filed, as well as the time period after the final agency decision is delivered, counts towards the limitations period.

Giving Goodlow the full benefit of the maximum amount of time the prescriptive period should have been tolled while his ARP was pending and while he was unable to proceed to the next step, ninety days, the claims in his amended complaint remain prescribed. Essentially, from the date the incident occurred, Goodlow had the usual limitations period of one year, plus up to ninety days for the ARP process to be conducted, so the limitations period expired on November 15, 2022, at the latest, for the incident of excessive force.[30] Even counting from the date of Goodlow's last medical appointment mentioned occurring in relation to the incident of excessive force on October 25, 2021, and giving Goodlow the benefit of assuming the prescriptive period was tolled for ninety days while he had an ARP properly pending, the limitations period expired, at the latest, on January 23, 2023. Unfortunately, Goodlow did not file his amended complaint

[27] R. Doc. 10, p. 13.
[28] La. Civ. Code art. 3467; *Kron v. LeBlanc*, No. 11-2263, 2013 WL 823550, *2 (E.D. La. March 6, 2013).
[29] La. R.S. 15:1172(E) (providing that the limitations period for a prisoner's claim "shall be suspended upon the filing of [an administrative] … grievance and shall continue to be suspended until the final agency decision is delivered.").
[30] Though it is possible that Goodlow's ARP was backlogged, he does not provide any facts to indicate this possibility, and it does not appear to be the case because Goodlow instead indicates that he never received any first step response.

until over one year later, on April 10, 2024. Accordingly, unless the amended complaint relates back to the filing of the original complaint, the claims regarding excessive force and deliberate indifference occurring in 2021 are prescribed and subject to dismissal.

Federal Rule of Civil Procedure 15(c) allows a party to amend a pleading, despite an applicable statute of limitations where the parties to litigation have been sufficiently put on notice of facts and claims which may give rise to future, related claims. Whenever the claim asserted in the amended pleading arose out of the same conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading.[31] This so-called "relation back" doctrine "does not extend the limitations period, but merely recognizes that the purposes of the statute are accomplished by the filing of the initial pleading.[32] "[T]he necessary implication of the rule is that in order for an amended pleading to relate back for statute of limitations purposes, there must be a previous pleading to which the amendment dates back."[33] Goodlow's original complaint did not provide an iota of information regarding what claims he was bringing or what facts or occurrences gave rise to the claims.[34] He filed a blank complaint with only names of three Defendants, two of which were supervisory officials;[35] a date; and Goodlow's signature.[36] Thus, there is nothing for the new pleading to relate back to. Accordingly, relation back cannot save Goodlow's claims, and his claims arising from the incident of excessive force and subsequent deliberate indifference to a serious medical need arising in 2021 are subject to dismissal as prescribed.

---

[31] Fed. R. Civ. P. 15(c).
[32] *American Tel. & Tel. Co. v. Delta Communications Corp.,* 114 F.R.D. 606, 612 (S.D.Miss.1986).
[33] *Kansa Reinsurance Co. v. Cong. Mortg. Corp. of Texas*, 20 F.3d 1362, 1366–67 (5th Cir. 1994).
[34] R. Doc. 1.
[35] Goodlow originally named Chad Hardy, Tim, Hooper, and James LeBlanc. R. Doc. 1, p. 1.
[36] R. Doc. 1.

**C. Goodlow's Claims for Events Occurring on and after August 6, 2022, are Subject to Dismissal as Unexhausted**

Goodlow's amended complaint also includes claims apparently unrelated to the claims of excessive force and subsequent deliberate indifference to a serious medical need occurring in 2021.[37] He complains that on August 6, 2022, nearly one year after the incident giving rise to this action occurred, he suffered from a stroke and appears to allege Defendants were deliberately indifferent to his serious medical needs in relation thereto. He also makes allegations of retaliation occurring in 2023[38] and other allegations of deliberate indifference to a serious medical need occurring in 2023 and 2024.[39] Goodlow could not have exhausted administrative remedies with respect to these claims prior to instituting this action, as this action was instituted on August 14, 2022, eight days after the stroke and before the other incidents occurred in 2023 and 2024. It is apparent that in this short timeframe Plaintiff did not exhaust his administrative remedies.[40] Accordingly, the remaining claims are subject to dismissal without prejudice as unexhausted.[41]

**RECOMMENDATION**

**IT IS RECOMMENDED** that Goodlow's claims arising from the alleged incident of excessive force and related deliberate indifference to a serious medical need occurring in 2021 be

[37] To the extent Goodlow is attempting to allege a continuing tort occurring from 2021 through 2022, he cannot. Generally, each act of deliberate indifference ceases with medical treatment.
[38] R. Doc. 10, p. 14.
[39] R. Doc. 10, pp. 16-17.
[40] *See Conklin v. Randolph*, 553 F.Appx. 457, 458 (5th Cir. 2014) (wherein the Fifth Circuit held that a district court's dismissal, *sua sponte*, of a complaint as unexhausted was not in error when the lack of exhaustion was readily apparent from the face of the complaint since the lawsuit was instituted five days after the event giving rise to the lawsuit occurred).
[41] Any related state claims are also prescribed/unexhausted and subject to dismissal on the same bases as noted above. *See Duhe v. St. John the Baptist Parish Sheriff's Dept.*, 245 So.3d 1244 (La. App. 5th Cir. 2018) (a prisoner must exhaust administrative remedies as to state law claims prior to proceeding to court). Accordingly, it is unnecessary to decline to exercise supplemental jurisdiction.

**DISMISSED, WITH PREJUDICE**, pursuant to 28 U.S.C. §§ 1915(e) and 1915A, as those claims contained are prescribed.[42]

**IT IS FURTHER RECOMMENDED** that Goodlow's claims of deliberate indifference to a serious medical need occurring in 2022 and later be **DISMISSED, WITHOUT PREJUDICE,** as unexhausted pursuant to 42 U.S.C. §1997e and that this case be **CLOSED**.

Signed in Baton Rouge, Louisiana, on September 30, 2024.

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

[42] Goodlow is advised that 28 U.S.C. § 1915(g) provides that, "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [Proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." Should this Report and Recommendation be adopted, the Ruling in this matter will count as a strike.